**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5244**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

NATHANIEL DEVON BAILEY,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:09-cr-00152-RJC-1)

———————

Submitted:  February 13, 2012       Decided:  February 17, 2012

———————

Before GREGORY, WYNN, and FLOYD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Angela Parrot, Acting Executive Director, Ross H. Richardson, Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Nathaniel Devon Bailey of conspiracy to distribute and possess with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006); two counts of possession with intent to distribute crack, in violation of 21 U.S.C. § 841(a) (2006); possession of a firearm after sustaining a conviction for an offense punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Bailey to a total of 135 months of imprisonment and he now appeals. For the reasons that follow, we affirm Bailey's conviction but vacate the portion of the sentence pertaining to reimbursement of attorney's fees, and remand for resentencing.

Bailey first argues that the district court violated his Fifth and Sixth Amendment rights in refusing to admit evidence of his coconspirator's guilty plea to possession of some of the crack in state court. We review evidentiary rulings for abuse of discretion. United States v. Kelly, 520 F.3d 433, 436 (4th Cir. 2007). An abuse of discretion occurs only when "the [district] court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724,

2

732 (4th Cir. 2006) (internal quotation marks and citation omitted).

"Whether grounded in the Sixth Amendment's guarantee of compulsory process, or the more general Fifth Amendment guarantee of due process, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." United States v. Lighty, 616 F.3d 321, 358 (4th Cir. 2010), cert. denied, 132 S. Ct. 451 (2011) (internal quotation marks and citations omitted). While this guarantee includes the right to present evidence to the jury that might influence the determination of guilt, the "right to present a defense is not absolute[, and] criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial." Id. (internal quotation marks and citations omitted). We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in refusing to admit evidence of Bailey's coconspirator's state guilty plea.

Bailey next argues that the district court erred in denying his suppression motion based on the search of his vehicle and deficiencies in the arrest warrant. "In considering a ruling on a motion to suppress, we review conclusions of law de novo and underlying factual findings for clear error." United States v. Buckner, 473 F.3d 551, 553 (4th Cir. 2007)

3

(citation omitted). When the district court has denied a defendant's suppression motion, we construe the evidence in the light most favorable to the government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). "It is well established that officers who have probable cause can search a vehicle without a warrant." United States v. White, 549 F.3d 946, 949 (4th Cir. 2008) (citation omitted). District courts must "assess whether officers had probable cause by examining all of the facts known to officers leading up to the arrest, and then asking whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." Id. at 950 (internal quotation marks and citation omitted).

In addition, if a warrant is found to be defective, the evidence obtained from the defective warrant may nevertheless be admitted under the good faith exception to the exclusionary rule. See United States v. Leon, 468 U.S. 897, 922-23 (1984). Evidence seized pursuant to a defective warrant will not be suppressed unless: (1) the affidavit contains knowing or reckless falsity; (2) the magistrate acts as a rubber stamp for the police; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; or (4) the warrant is so facially deficient that an officer could not reasonably rely on it.

<u>United States v. Wilhelm</u>, 80 F.3d 116, 121-22 (4th Cir. 1996). We conclude that the district court did not err in denying Bailey's motion to suppress evidence seized during the search of his vehicle.

Finally, Bailey argues that the district court erred in ordering that he partially reimburse the United States for the costs of court-appointed counsel. "In reviewing the district court's application of the factual findings, as in the reimbursement order here, we apply an abuse of discretion standard." <u>United States v. Moore</u>, 666 F.3d 313, ___, 2012 WL 208041, *5 (4th Cir. Jan. 25, 2012). Pursuant to 18 U.S.C. § 3006A(c) (2006), "[i]f at any time after appointment of counsel the . . . [district] court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may . . . authorize payment as provided in subsection (f)." Before the court orders reimbursement of court-appointed counsel fees, however, it must "find[] that funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f) (2006).

We have recently held that in making this finding, the district court "must base the reimbursement order on a finding that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant

5

for the repayment of the court-appointed attorney's fees." Moore, 2010 WL 208041 at *6. Here, the court made no such findings. As in Moore, the facts contained in the presentence report, that Bailey had a high school degree and a history of employment, do not support a finding of Bailey's present ability to make payments in light of the report's findings that Bailey had no significant assets and no present ability to pay criminal penalties. Moreover, the district court also found that Bailey did not have the ability to pay fines and interest in this case. See id. at *8. We conclude, therefore, that the district court erred in determining that Bailey had the present ability to pay the costs of court-appointed counsel based on the findings in the presentence report.

Accordingly, we affirm Bailey's conviction but vacate the sentence as to the order directing reimbursement of attorney's fees and remand to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED